ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 31 2005

CLERK, U.S. DISTRICT COURT
By _____
             Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | 4-05CV-192-Y |
| v. | § § | Civil Case No. |
| SBIC PARTNERS II, L.P. | § § | Receivership Order |
| Defendant. | § § | |

## CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions 15 U.S.C. § 687c, this Court hereby takes exclusive jurisdiction of SBIC Partners II, L.P. ("SBIC II"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of SBIC II ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of SBIC II's assets and satisfying the claims of creditors there from in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of SBIC II under applicable state and federal law, by the Limited Partnership Agreement, and By-Laws of said limited partnership, in addition to all powers and authority of a

Receivership Order – Page 1

receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of SBIC II are hereby dismissed and the powers of any general partners are hereby suspended during the pendency of the receivership. Such persons and entities shall have no authority with respect to SBIC II's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of SBIC II and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to SBIC II. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of SBIC II, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to SBIC II and all of SBIC II's assets and all other assets and property of the limited partnership, whether real or personal. SBIC II's general partner and advisor, Forrest Binkley & Brown, L.P. shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of SBIC II, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of SBIC II, as well as the names, addresses and amounts of claims of all known creditors of

Receivership Order – Page 2

SBIC II. Within thirty (30) days following the entry of this Order, Forrest Binkley & Brown shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of SBIC II are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of SBIC II, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to SBIC II shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if SBIC II had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of SBIC II, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by

the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6.  SBIC II's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of SBIC II, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to SBIC II. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7.  The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving SBIC II or any assets of

**Receivership Order – Page 4**

SBIC II, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving SBIC II, the Receiver, or any of SBIC II's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving SBIC II or any assets of SBIC II, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving SBIC II, the Receiver, or any of SBIC II's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of SBIC II against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8. SBIC II and its past and/or present directors, officers, managers, general or

limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of SBIC II to the detriment SBIC II or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 *et. seq.*, or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. § 107.1 *et. seq.*

9. The Receiver is authorized to borrow on behalf of SBIC II, from the SBA, up to $3,000,000.00 and is authorized to cause SBIC II to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of SBIC II, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of SBIC II.

10. This Court determines and adjudicates that SBA has made a sufficient showing that SBIC II has violated the Act and the Regulations, as alleged in the Complaint filed against SBIC II in the instant action, to obtain the relief so requested. After the foregoing activities are completed, the Receiver may submit a report to the Court recommending that SBIC II's SBIC license be revoked.

DATED this 31st day of March, 2005.

_____
Terry R. Means
U.S. District Court Judge

Presented by:

_____
Thomas W. Rigby
Va. Bar No. 34663, D.C. Bar No. 463532
Chief Counsel for SBIC Liquidation
Office of General Counsel, U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: 202.619.1610
Facsimile: 202.481.5866
Attorney for the Plaintiff


**THIS RECEIVERSHIP ORDER SEEN, STIPULATED AND AGREED BY SBIC Partners II, L.P., through its authorized representative**

By:   Forrest Binkley & Brown, L.P.
      General Partner

      By:   Forrest Binkley & Brown Venture Co.
            General Partner

_____
Gregory J. Forrest, Office of the President

_____
Nicholas B. Binkley, Office of the President

_____
Jeffrey J. Brown, Office of the President


Date: 3/7/05

Receivership Order -- Page 7

Case 4:05-mc-40008-FDS Document 1-2    Filed 04/11/2005    Page 1 of 6

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2005 MAR 23 AM 9:14

CLERK U.S. COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SBIC PARTNERS II, L.P., § <br> § <br> Defendant. § | No. <br> **4-05CV-192-Y** |

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, for its cause of action states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA", "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, SBIC Partners II, L.P. (hereinafter, "SBIC II", "Licensee" or

**Complaint For Receivership and Injunction - Page 1**

"Defendant"), is a Delaware limited partnership formed on or about March 20, 1998 and maintains its principal office at 201 Main Street, Suite 2300, Fort Worth, Texas 76102. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## Statutory and Regulatory Framework

4. SBIC II was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c) on June 16, 1998, SBA License No. 06/76-0316, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

6. SBIC II's Limited Partnership Agreement expressly provides that SBIC II was organized for the purpose of operating under the Act and subject to the Regulations issued by SBA thereunder.

7. SBIC II's general partners are SL-SBIC Partners, L.P., a Texas limited partnership, and Forrest Binkley & Brown, L.P., a Texas limited partnership.

8. Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financing to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided funds

to SBIC II through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $52,806,478.00.

10. Compliance with the terms of Leverage provided by SBA required that SBIC II not have a condition of Capital Impairment, as that term is defined under the Regulations.

11. According to audited financial information provided by SBIC II to SBA on SBA Form 468 as required under the Regulations, 13 C.F.R. §107.630, SBIC II has a condition of Capital Impairment.

12. SBA afforded SBIC II an opportunity to cure its condition of Capital Impairment and SBIC II has failed to cure its condition of Capital Impairment beyond any applicable cure periods under the Regulations.

13. SBIC II's failure to cure its condition of Capital Impairment is a violation of the Regulations, 13 C.F.R. § 107.1830(b).

14. SBIC II's non-compliance with its terms of Leverage under 13 C.F.R. § 107.1830(b) is a violation of the Regulations, 13 C.F.R. § 107.507(a), for nonperformance of the terms of its Participating Securities.

15. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as SBIC II may be forfeited and the company may be declared dissolved.

16. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a Licensee such as SBIC II, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

### Violation of SBA Regulations

### 13 C.F.R. §§ 107.1830(b) and 507(a)

17. Paragraphs 1 through 16 are adopted herein by reference.

18. SBIC II has an uncured condition of Capital Impairment as that term is defined under the Regulations.

19. SBA has determined that SBIC II is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

20. SBA has determined that SBIC II is in violation of the Regulations, 13 C.F.R. § 107.1830(b) and 507(a).

21. SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §

687(d) and 687c, including the appointment of SBA as Receiver of SBIC II for the purposes of liquidating SBIC II and all of its assets.

WHEREFORE, Plaintiff prays as follows:

A.   That injunctive relief, both preliminary and permanent in nature, be granted restraining SBIC II, its officers, directors, general partners, managers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of SBIC II, wherever located; and (3) violating the Act or the Regulations promulgated thereunder.

B.   That this Court determine and adjudicate SBIC II's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C.   That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of SBIC II and all of its assets, wherever located, appoint SBA as receiver of SBIC II for the purpose of marshaling and liquidating the assets of SBIC II and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

D.   That upon the liquidation of SBIC II and the completion of the receivership, SBIC II's SBIC license may be revoked.

E.   That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

**Complaint For Receivership and Injunction - Page 5**

U.S. SMALL BUSINESS ADMINISTRATION

*[signature]* 3-15-05

THOMAS W. RIGBY
VA. Bar No. 34663
D.C. Bar No. 463532
Chief Counsel for SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone:   202.619.1610
Facsimile:   202.481.5866
Attorney for Plaintiff